IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>SHELBY L. HAYNES, an individual; N. GERALD DICUCCIO, ESQ., an individual; and BUTLER, CINCIONE & DICUCCIO, an Ohio partnership,<br>*Defendants.* | Case No. 17-cv-6275<br><br>Judge Virginia M. Kendall<br><br>Magistrate Judge Jeffrey T. Gilbert |

## **PRELIMINARY INJUNCTION**

In accordance with Rules 52(a)(2) and 65(d) of the Federal Rules of Civil Procedure, the following preliminary findings of fact and conclusions of law constitute grounds for this Court to grant Plaintiffs' Motion for Preliminary Injunction.

## **PRELIMINARY FINDINGS OF FACT**

1. Plaintiff Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Fund") is an employee welfare benefit plan under ERISA, 29 U.S.C. § 1002(1). Plaintiff Arthur H. Bunte, Jr. is a Trustee of the Fund. (The Fund and Bunte are collectively referred to herein as "Plaintiffs").

2. The Fund's Plan Document (the "Plan") provides for a subrogation right when a covered individual receives from third parties settlement(s) or other payment(s) arising from an accident for which the Fund has paid medical expenses.

3. The Plan also provides that the Fund's subrogation right is superior to the covered individual's right to proceeds as well as any attorneys' fees incurred by the covered individual.

4. The Plan is permitted to assert an equitable lien against the payee or any insurer, attorney, or third party in order to protect its right of subrogation.

5. Defendant Shelby Haynes is a covered individual of the Plan because her father, Jeffrey Haynes, elected dependent coverage for her.

6. Defendant Shelby Haynes was injured as a result of a surgical procedure on December 11, 2013, and the Fund paid $312,286.50 of Ms. Haynes's medical expenses in accordance with the terms of the Plan.

7. In connection with her injuries from the surgery, Defendant Shelby Haynes settled her claims against the third-party hospital and physicians, including Our Lady of Bellefonte Hospital, Inc., Deborah Chadwick, M.D., Timothy Jones, M.D., Gabriel Rodriguez, M.D., and Bon Secours Kentucky Health Systems, Inc. for $1,500,000.00 (the "Settlement Proceeds").

8. During all relevant times Defendant Shelby Haynes was represented by Defendant N. Gerald DiCuccio and his law firm, Defendant Butler, Cincione & DiCuccio.

9. None of the Defendants have reimbursed the Fund in accordance with the terms set forth in the Plan.

## CONCLUSIONS OF LAW

10. Rule 65 of the Federal Rules of Civil Procedure authorizes the Court, generally, to enter preliminary injunctions, and Section 502(a)(3) of ERISA, expressly authorizes this Court to "enjoin any act or practice which violates any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3).

11. A plaintiff seeking a preliminary injunction must establish that it is likely to succeed on the merits; that it is likely to suffer irreparable harm in the absence or preliminary relief; that the balancing of equities tip in its favor; and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

12. The Court concludes that Plaintiffs have established that they are likely to succeed on the merits of this matter, because under the terms of the Plan, the Fund is entitled to recover reimbursement in the full amount of its subrogation rights for the medical expenses pain on behalf of Defendant Shelby Haynes. Defendant Shelby Haynes's failure to reimburse the Fund results in an equitable lien on her Settlement Proceeds that the Fund may enforce.

13. Plaintiffs have established that the Settlement Proceeds have not been dissipated and are directly traceable to the settlement funds and therefore sufficiently identifiable to allow the equitable relief permitted by the statute. *See Montanile v. Bd. of Trustees or Nat'l Elevator Industry*, 136 S. Ct. 651, 658 (2016).

14. The Court concludes that the Fund has also established that it has no adequate remedy at law to enforce the terms of its Plan or to recover the medical expenses pain on behalf of Defendant Shelby Haynes, as the statute permits only "equitable" relief, as interpreted in *Montanile*.

15. The Court also concludes that irreparable harm to the Fund is patent. Without an injunction, assets that belong to the Fund can be dissipated, leaving it with no equitable remedy.

16. The Court also concludes that the balance of harms favors the Plan. While Defendants will temporarily lose control of assets to which they now have access to (but for the TRO), that harm is outweighed by the damage to the Plan if its only remedy disappears before it can prove its plausible case for subrogation.

17. The Court further concludes that public policy favors the entry of a preliminary injunction. It is in the public interest to keep ERISA plans solvent and able to pay the claims of eligible beneficiaries.

18. Finally, because the Fund is likely to succeed on the merits, it does not appear that, in the event this injunction should not have been granted, any Defendants will have sustained any harm. Therefore, the Court will not require the Fund to post a bond.

**ORDER**

In light of the foregoing, Plaintiffs' motion for preliminary injunction directed against Shelby Haynes, N. Gerald DiCuccio and Butler, Cincione & DiCuccio is granted. Defendants are hereby enjoined and ordered from transferring or in any way dissipating the Settlement Proceeds.

ENTERED: 10-16-17

Virginia M. Kendall
United States District Judge